JOHN C. FARR, JUNIOR, respondent,

*v.*

LOUIS HAUENSTEIN and THERESA HAUENSTEIN, appellants.

[Argued March 6th, 1907.   Decided June 17th, 1907.]

Upon a creditor's bill filed to have a judgment against a husband declared a charge against the wife's house and lands, on the ground that the property had been conveyed to the wife by the husband through a third party, in fraud of his creditors, the court refused to declare the deed fraudulent as against complainant, but it appearing that the husband, since the transfer, had paid the interest on a mortgage upon the premises, and also taxes and assessments thereon during a period of thirteen years to an aggregate amount but little less than the amount of the judgment, made a decree charging the land with the payment of the judgment to the extent of those payments.—*Held*, on appeal, that it appearing from the evidence that at least part of the money so paid by the husband was advanced to him by his son for the purpose of making those payments in relief of his mother's home, and it further appearing that during the whole period the husband, whose duty it was to provide a home for his family, had used and occupied his wife's house and lands for that purpose, and it not being made to appear that the amount of such payments were

in excess of the amount necessary for the reasonable support of the wife and family, such payments were not fraudulent as against creditors, and that the bill should have been dismissed.—*Held further*, that it appearing that the creditor had delayed the filing of his bill for thirteen years after the recovery of his judgment, and that the situation of the wife had been entirely changed thereby from what it otherwise would have been, to her prejudice, the bill should have been dismissed on the ground of laches also.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Garrison, whose opinion is reported in *70 N. J. Eq. (4 Robb.) 635.*

*Mr. James F. Minturn,* for the appellants.

*Mr. Leon Abbett,* for the respondent.

The opinion of the court was delivered by

HENDRICKSON, J.

The complainant, Farr, is the assignee of a judgment recovered against Louis Hauenstein, one of the defendants, in 1890. He filed his bill in 1903 charging that a certain dwelling-house and two lots of land in Hoboken, the title to which was in Mrs. Hauenstein, had been conveyed to her by her husband, through a third party, in fraud of his creditors, and asking for a decree so declaring and charging the judgment to be a lien upon the lands. The learned vice-chancellor refused to declare the deed fraudulent as against complainant, but discovering from the evidence that the husband had, since the date of the transfer, paid interest on a mortgage on the premises and the taxes annually assessed against it and certain assessments for improvements, concluded that the value of the property had been increased to the extent of the sum total of those payments, and that the complainant was entitled to follow those moneys of the husband into the hands of the wife and charge the lands with the payment of the judgment to the extent of such payments. The aggregate of these payments was $2,172.19, which was something less than the amount due on the judgment and interest. The decree made this amount a charge upon the lands

and directed that in default of its payment within ten days by the defendants an execution might issue.   The wife appeals from this part of the decree and claims that the decree should be reversed and the bill dismissed for want of equity and on the ground of laches.   The opinion of the learned vice-chancellor refusing to set aside the deed as fraudulent appears in *69 N. J. Eq.* (*3 Robb.*) *740.*   His later opinion, allowing this decree, appears in *70 N. J. Eq.* (*4 Robb.*) *633.*

It appears that the learned vice-chancellor, in reaching the conclusion he did, followed *Walsh* v. *Rosso, 41 Atl. Rep. 669; S. C.,* on final hearing, *59 N. J. Eq.* (*14 Dick.*) *123.*   It will be observed, however, that the circumstances of the case *sub judice* are quite different from the one last cited, and involves, we think, the application of a different rule.   The burden of proof was upon the complainant, and we think he failed to show that the moneys paid in liquidating the taxes and interest was the husband's money;   that, on the contrary, it appears that they were advanced to him by his son for the purpose of making these very payments in relief of his mother's home, and that such part of the moneys so advanced and used cannot be reached by the complainant.   We also think that none of the moneys so paid by the husband can be reached by this proceeding.   The husband was charged with the support of his family and with the duty of providing for them a home.   That home was the house and premises of the wife.   She had the right to lease the property and derive an income therefrom had she so desired.   She permitted her husband to use it as the family home during all these years.   Instead of paying rent *eo nomine,* he paid it in the shape of contributions to settle the accumulations of interest and taxes.   Such payments are within the rule that

"if the husband expend money upon lands of his wife in his occupation by erecting buildings or making improvements thereon, the law will presume he intended it for her benefit, and he cannot recover for the same." *1 Washb. Real Prop. 346* ¶ *20.*

It was held by this court in *Coyne* v. *Sayre, 54 N. J. Eq.* (*9 Dick.*) *702,* that the wife's appropriation to the purchase and improvement of her lot of the labor and services of her husband,

so long as it did not appear that the value thereof was beyond the amount necessary for the reasonable support of his family, was not fraudulent as against creditors. It does not appear that these payments by the husband were beyond the amount necessary for the reasonable support of the family, and it follows that any addition of value they may have contributed to the lands in question belong to the wife. In the case of *Smith* v. *Kane, 2 Paige (N. Y.) 303,* there was an effort by the creditor of a husband to reach a debt due the wife which had not been reduced to possession by the husband. It was held that it could not be reached by a creditor's bill because the wife's equity was superior to that of the creditor. See, also, *15 Am. & Eng. Encycl. L. (2d ed.) 837bb; 12 Cyc. 29* ¶ *5.* We think that on this ground the bill should have been dismissed. And we think the same result should have followed on the ground of laches. If the complainant or his assignor had moved promptly in this matter and attempted to enforce their judgment against this property, no such situation as that which now exists would have been created. They would, under the present proofs, have failed to obtain a decree that the deed was made in fraud of creditors; if they had succeeded in establishing the existence of such a right as the vice-chancellor now declares, the further contributions of the husband to the maintenance of a home for the family would have been made in a very different way. We think the long delay, some thirteen years, between the recovery of the judgment and the filing of this bill, has been such laches as to entirely change the situation from what it otherwise would have been. Prejudice by changes of conditions and changed relations involved by such delay are among the grounds upon which this principle of equitable estoppel is usually applied. *DeGrauw* v. *Mechan, 48 N. J. Eq. (3 Dick.) 219; Tynan* v. *Warren, 53 N. J. Eq. (8 Dick.) 313.* The result is that the decree must be reversed.

*For affirmance*—PITNEY, REED, GREEN—3.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, FORT, HENDRICKSON, SWAYZE, TRENCHARD, BOGERT, VROOM, GRAY, DILL —10.